# Morgan Lewis

**Nathan T. Shapiro**
Associate
+1.212.309.6796
nathan.shapiro@morganlewis.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   02/19/2020
```

February 19, 2020

**<u>VIA ECF</u>**
Hon. Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007



Re:    <u>Lu et al. v. Red Koi, Inc et al.</u>, No. 17-cv-7291-VEC

Dear Judge Caproni:

We represent Defendants Ying Chen and Xiaohua Zhu in the above-referenced action.  We write to request that, for good cause, and in the interest of judicial economy, the Court stay all discovery while Defendants Chen and Zhu's motion for judgment on the pleadings, filed yesterday, February 18, 2020 (ECF Nos. 115-16, the "12(c) Motion"), is pending.  As the Court is aware, because Defendants Chen and Zhu were previously litigating *pro se*, no prior motion directed to the legal sufficiency of the First Amended Complaint (ECF No. 21) was filed.  We have spoken to counsel for Plaintiffs and Defendant Lin Lin and they consent to the requested stay of discovery while the 12(c) Motion is pending.

Under Rule 26(c) of the Federal Rules of Civil Procedure, this Court may exercise its discretion to stay discovery "for good cause*.*"  *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08-cv-2437-RJS, 2009 WL 274483, *1 (S.D.N.Y. Feb. 3, 2009).  In determining whether "good cause" exists, courts consider "the pendency of dispositive motions, potential prejudice to the party opposing the stay, the breadth of discovery sought, and the burden that would be imposed on the parties responding to the proposed discovery."  *Id.*; *see also Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (Leisure, J.) ("Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay."); *Anti-Monopoly, Inc. v. Hasbro, Inc.,* No. 94-cv-2120-LMM-AJP, 1996 WL 101277, at *2-4 (S.D.N.Y. Mar. 7, 1996) (good cause may be shown where a party has filed a dispositive motion, the stay is for a "short" period of time, and the opposing party will not be prejudiced by the stay).

**Morgan, Lewis & Bockius** LLP

101 Park Avenue
New York, NY  10178-0060
United States

☎ +1.212.309.6000
📠 +1.212.309.6001

Hon. Valerie E. Caproni
February 19, 2020
Page 2

Here, there is good cause to stay discovery while the 12(c) Motion is pending. *First*, the 12(c) Motion, which we respectfully submit is meritorious, would dispose of all claims against Defendants Chen and Zhu with prejudice. *Second*, no party would be prejudiced by the requested stay because all parties consent to the stay. *Third*, the parties still must conduct a significant amount of discovery. Defendants Chen and Zhu have propounded document requests and interrogatories on Plaintiffs and Defendant Lin, to which Plaintiffs and Defendant Lin must respond. And all parties must appear for depositions. For the foregoing reasons, there is good cause to stay discovery while Defendants Chen and Zhu's 12(c) Motion is pending.

At a minimum, however, the parties jointly request that the Court approve an extension of the current deadline for the completion of discovery (the "Discovery Deadline"), from March 13, 2020 to April 30, 2020 (*see* Order, dated January 6, 2020, ECF No. 104). The parties have been working diligently to comply with the Discovery Deadline, but, for various reasons, including that our firm recently appeared on behalf of Defendants Chen and Zhu, the parties respectfully request that, if the Court does not stay discovery while the 12(c) Motion is pending, it grant this modest extension of the Discovery Deadline.

We thank the Court for its attention to this matter.

Respectfully,

*/s/ Nathan T. Shapiro*

Nathan T. Shapiro

All discovery is hereby STAYED with the consent of all parties. In lieu of filing an opposition to Defendants Chen and Zhu's Rule 12(c) motion, Plaintiffs may request leave to amend their complaint pursuant to Rule 15(a)(2), if appropriate. That is, if Plaintiffs believe that Chen and Zhu's motion has identified a correctable flaw in the operative complaint, they must request leave to amend in accordance with Rule 4.F of the Court's Individual Practices, no later than **February 28, 2020**.

SO ORDERED.                          Date: 02/20/2020

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE